[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: FOR ADDITUR OR ALTERNATIVELY, MOTION TO SET ASIDE VERDICT AND MOTION FOR NEW TRIAL
The plaintiff was involved in a rear end collision and brought the present action seeking monetary damages for personal injuries claimed to have been sustained. The plaintiff claims that the impact was severe enough so that, although her foot was on the brake, her vehicle was pushed forward under the stop light. The plaintiff also claimed to have sustained personal injuries resulting in medical bills in the amount $3,895.00 for chiropractic care in addition to future medicals for anticipated future treatment. The defendant's treating chiropractor testified that the plaintiff sustained seven to five percent partial impairment of the lumbar spine as result of the automobile accident.
The jury returned the verdict in favor of the plaintiff in the amount of $1,000.00 economic damages and zero non economic damages. The plaintiff claims that the award of damages in inadequate and therefore seeks an additur or a new trial.
The standards for the motion for an additur are identical to the standards for motion to set aside the verdict. Hunte v. Amica InsuranceCo., 68 Conn. App. 534, 541 (2002). "A court is empowered to set aside a jury verdict when, in the court's opinion, the verdict is contrary to the law or unsupported by the evidence. . . . A verdict should not be set aside, however, where it is apparent that there was some evidence on which the jury might reasonably have reached its conclusion." (Internal quotations marks omitted). Marchell v. Whelchel, 66 Conn. App. 574, 582
(2001). Moreover, "the evidence is viewed in the most favorable to the prevailing party and to sustaining the verdict"; Ipacs v. Cranford,65 Conn. App. 441, 443 (2001); and "(the verdict should be disturbed only by considerations of the most persuasive character, as where the verdict shocks the sense of justice. . . . Only under the most compelling circumstances may the court set aside the verdict because to do so interferes with the litigant's constitutional right in appropriate cases CT Page 16217 to have the issues of fact decided by a jury"). (Internal quotations marks omitted). See Hunte v. Amica Insurance Co., supra 541.
Taking the evidence most favorable to the defendant, the collision involved merely a "tap" and there was no damage to either the plaintiffs or to the defendant's motor vehicle. After the accident the plaintiff noted that there was no damage and no injury and the parties decided to exchange information without calling the police. Sometime thereafter the plaintiff called the defendant's home and advised that she was injured.
At the trial the defendant contested the severity of the impact and the nature of the damages sustained. Although, the defendant did not produce any contrary medical evidence to that produced by the plaintiff, a jury is at liberty to disregard uncontradicted evidence if they feel it is reasonable to do so.
Our courts have determined that there is no per se rule that an award of some economic damages requires an award of economic damages. Indeed the court has stated that such situations must be determined on a case by case analysis. Schroeder v. Tiranglum Associates, 259 Conn. 325, 330
(2002); Wichers v. Hatch, 252 Conn. 174, 188 (2000). "A mere doubt of the adequacy of the verdict is an insufficient basis (to set aside a verdict). . . . A conclusion that the jury exercised merely poor judgment is likewise insufficient. . . . The ultimate test which must be applied to the verdict by the trial court is whether the jurys' award falls somewhere within the necessarily uncertain limits of just damages or whether the size of verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice mistake or corruption . . . *** Finally, the most notable limitation on the trial court's authority to act pursuant to § 52-216a drives from the litigants constitutional right to have the issues of fact determined by a jury. . . . The right to a jury trial is fundamental in our judicial system, . . . and the right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court." (Citations omitted; Internal quotation marks omitted). Wichers v. Hatch, supra, 252 Conn. at 187-188 (2000).
"Accordingly, the trial court should examine the evidence to decide whether the jury reasonably could have found that the plaintiff had failed in his burden of proof of the issue. That decision should be made, not on the assumption of the jury made a mistake, but rather, on the supposition that the jury did exactly what it intended to do." CT Page 16218Wichers v. Hatch, supra 188-189.
In the present case, the jury could have found, from the evidence, that while the defendant was negligent in causing the accident no injuries were sustained. The jury could well have found from the evidence that there was no damage to either vehicle that it was a minor motor vehicle accident involving a tap. Despite the fact that no injuries were received, the jury could well have found that the plaintiff was entitled to be checked out medically, to some degree, as result of the accident. Here, the jury awarded one quarter of the medical bills incurred at the time of trial and disregarded the remaining claims for damages.
Accordingly the motion to set aside the verdict and the motion for an additur are denied.
___________________ RUSH, J. CT Page 16219